PER CURIAM.
Dylan Investments obtained a judgment against Arne Soreide and his wholly-owned corporation, Nortel, Inc. It then brought these supplementary proceedings against the judgment debtors and Arne’s wife, Lynn Soreide. The trial court entered judgment in favor of Lynn. We affirm.
Dylan, Nortel’s landlord, was awarded judgment for breach of lease. Dylan asserts that Lynn is indebted to it by virtue of fraudulent transfers from Nortel, Inc. through a separate corporation, Accutel Communications, Inc., wholly-owned by Lynn. Accutel occupied the premises after Nortel ceased doing business. The resolution of this appeal hinges on whether there exists competent, substantial evidence supporting the trial court’s conclusion rejecting Dylan’s claim that Accutel was a business continuation or successor of Nortel.
The trial court made these findings:
At trial, Plaintiff presented the following exhibits: (a.) the 1996 Tax Return for NORTEL, INC.; (b.) the 1997 Tax Return for NORTEL, INC.; (c.) the 1996 Tax Return for ACCUTEL COMMUNICATIONS, INC.; (d.) the 1997 Tax Return for ACCUTEL COMMUNICATIONS, INC.; (e.) ARNE and LYNN SOREIDE’s Joint 1997 Tax Return and (f.) Financing Statement regarding purchase and financing of a leased 1995 Mercedes. The parties stipulated that there would be no forensic accountant and no evidence of such an accounting was presented to this Court. Plaintiff presented no expert testimony to establish that any specific asset transfers were made from NORTEL, INC. to AC-CUTEL COMMUNICATIONS, INC.
[[Image here]]
The undisputed testimony established that NORTEL, INC. entered into the lease with DYLAN INVESTMENTS, INC.; NORTEL, INC. had desks, chairs and nominal office equipment which were sold for $1,000.00 after the business failed; the assets reflected on NORTEL, INC.’s tax returns were abandoned after the business was downsized and left its office in Broward *1048 County, Florida. Plaintiff presented no testimony to establish the fair market value of the assets referenced on NOR-TEL, INC.’s tax returns and the testimony regarding any alleged transfer of assets to or used by ACCUTEL COMMUNICATIONS, INC. was disputed and was not specific. Hence, this Court rejects that testimony.
There is no evidence that Lynn personally participated in Nortel’s business and there is evidence that Accutel conducted an entirely different business than Nortel. There is also evidence that Accutel was incorporated prior to the Dylan lease and that both companies carried on their business simultaneously, with Ac-cutel utilizing a portion of the leased space.
Perusal of the transcript and the tax forms reflects proof of only these nebulous, at best, transfers tying Nortel to Lynn: a tax write-off for the abandoned Nortel furnishings and equipment on Lynn’s 1997 tax return and a profit distribution to Lynn for Accutel’s business. Testimony linking Accutel to Nortel receivables was rejected by the trial court, although there is a link between the abandoned furniture and Lynn via a tax credit on a joint return for a depreciated loss. Because both corporations were S corporations, both Arne and Lynn were eligible for the tax credit as husband and wife. There is no link between Accutel’s profit and Nortel’s receivables without testimony explicitly rejected by the trial court.
Furthermore, Dylan correctly notes that expert testimony is not required to prove a fraudulent transfer. However, the record does not indicate that the trial court based its conclusion that there was no fraudulent transfer on the lack of expert testimony.
As such, we conclude that the trial court did not err by concluding that no fraudulent transfer occurred as the evidence at hand supported the trial court’s conclusion that Accutel was not a business continuation or successor of Nortel. In reaching this conclusion, it was unnecessary for this Court to consider the parties’ statuses and obligations under the Florida Uniform Transfer Act, and we reach no conclusion on this issue as a result.

Affirmed.

GUNTHER, STONE and STEVENSON, JJ„ concur.